IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

OCTAIVIAN D. REEVES,

Plaintiff,

v. No. 1:25-cv-01292-JDB-jay

FRED MCKINNEY,
CURTIS LOVE,
DOC, and
OPEN ARMS MINISTRY,

Defendants.

REPORT AND RECOMMENDATION

On December 29, 2025, Plaintiff Octaivian D. Reeves filed a lawsuit against the above-named parties. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Reeves sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 7). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Reeves filed this action using a pre-printed "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. (D.E. 1). Reeves names Fred McKinney, Curtis Love, and Doc as defendants, and alleges that all three are employed by Open Arms Ministry in Jackson, Tennessee. (*Id.* at 2). In the "Statement of Claim" portion of his Complaint, Reeves alleges:

> November 25th 2025 threatened by some individual by the name of Steve, another individual who I filed grievance on but didn't know his name, in the Open Arms

> Ministry Program. Plaintiff was put out the same night of United Methodist Church by Doc the day before. Plaintiff states there are video cameras at both places recording different conversations. There was another individual that stepped behind me, tried to sniff my butt at Open Arms Ministry Dec. 14 2025. Plaintiff has placed grievance in before in Open Arms Ministry about homosexuals making homosexual gestures [sic] towards the Plaintiff in 2023, being pushed in the streets by Open Arm Ministry staff in 2023 making another head injury including another incident with a junkie. Plaintiff has been setup by females from the program, is continuing to be setup daily by individuals scheming [sic].

(*Id.* at 2).

As relief, Reeves requests that the Court provide him "housing, medical, loss [sic] of job, vehicle expenses for picking individuals up from the program, dropping them off at their [sic] apartment complex, Open Arms Ministry, RIFA, harassment, disrespect [sic], use of excessive force. Therapy from injuries to back, neck, and head." (*Id.* at 3).

II.

A. 28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B. Standard of Review for Failure to State a Claim

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

C. Analysis

In Reeves's Complaint, he relies upon 42 U.S.C. § 1983 as the basis of his cause of action; however, section 1983 fails to provide a cause of action against the named defendants. In order for Reeves to state a claim under 42 U.S.C. § 1983, he must "allege the violation of a right secured by the constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1998)). Because Reeves has not alleged that any of his constitutional or federal statutory rights were deprived nor that any of the defendants acted under color of state law, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. As such, Reeves' Complaint should be dismissed.

III.

For this reason, it is RECOMMENDED that Plaintiff Octaivian D. Reeves's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Respectfully submitted, this the 24th day of July, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**